|1SAUNDERS, Judge,
dissenting.
According to the victim’s brother, the defendant got into the victim’s bed and told the *821 victim to “come over here and sit on my chest so I can....”
In my mind, this language is more than a solicitation or an asking, but rather constitutes an order or a telling by a person in a greatly superior position, i.e., adult vis-a-vis child; father vis-a-vis son; and is clearly distinguishable from the Baxley analysis. Baxley stands for the proposition that when one adult requests sex of another with nothing more, this is, indeed, preparation rather than perpetration. I have no problem with this principle. However, I feel that it is unreasonable and unwise to stretch this principle, by analogy or otherwise, to allow adults to not only ask but also to tell children who are placed by law under their care, control and authority, to submit to abuse and degradation.
I2U1 my view, the jury in this case was justified in finding that the defendant had a specific intent to commit the crime of attempted aggravated crime against nature prior to entering his son’s room. The acts in furtherance of his specific intent were entering his son’s room for the purpose of committing the crime, rather than for any other purpose; lying down on the bed to facilitate the commission of the crime, and not for any other purpose; and telling his minor son, who is normally under a duty to obey his father, to sit upon his chest in order that the defendant might commit his unnatural act. Thus, there are three distinct acts which justify the jury’s finding of guilt on the part of the defendant. It is true that entering the room or lying down on the bed, under ordinary circumstances, might be innocent and nonculpable behavior. When done with a specific intent to commit a crime and when combined with the dictate that the child submit to such miscreant behavior, these otherwise innocent activities rise to the level of an “act” which, in combination with a specific intent to commit the crime, makes the defendant guilty of a violation of LSA-R.S. 14:27(A).
It is noteworthy that LSA-R.S. 14:27(B) tells us that lying in wait with a dangerous weapon with the intent to commit a crime or searching for the intended victim with a dangerous weapon with the intent to commit a crime shall be sufficient to constitute an attempt to commit the offense intended. This section was specifically put in the law by the legislature in order to close loopholes which had developed in the attempt law. This language appears particularly significant in the present case. The defendant “armed” himself with a specific intent to commit a crime, went in search of his victim, lay in wait for his victim, and then proceeded to terrify his victim with a request/command which was probably more terrifying to a child of tender years than a more conventional “dangerous weapon” would be to a mature person.
Children, unlike adults, should be and are protected from sexual advances of their elders. LSA-R.S. 14:89(A)(6). In a situation such as the one at hand, an adult, |3indeed a parent, has an advantage of both psychological and legal authority over the child which does not exist where both parties are adults. A child is less likely to be able to refuse and walk away from an adult asking for sex, as children are generally under the authority of adults, so as to make refusal much more difficult than it would be for one accosted by one’s peers. Moreover, the language used by the defendant was more than a request, it was a directive which a child could perceive as an order or a command. Accordingly, I feel that Baxley is inapplicable and that the jury was correct in its finding.
For these reasons, I respectfully dissent.